**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1053

———————

JASON L. BROWN,
                          Appellant

v.

LISA M. BROWN

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:18-mc-00676)
District Judge:  Honorable Robert D. Mariani

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2019
Before:  SHWARTZ, RESTREPO and RENDELL, Circuit Judges

(Opinion filed:  November 7, 2019)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jason Brown filed in the District Court a collection of state court documents under the mistaken belief that doing so was the next step in the appeals process for his child custody case in Schuylkill County.[1] The District Court permitted Brown to proceed in forma pauperis under 28 U.S.C. § 1915. The District Court then dismissed his action with prejudice because it neither resembled any pleading contemplated by the Federal Rules of Civil Procedure, nor presented "any case or controversy over which this Court has jurisdiction or can grant relief." ECF 3 at 2. Brown appealed; we have jurisdiction, see 28 U.S.C. § 1291; and our review is plenary, see SEC v. Infinity Grp. Co., 212 F.3d 180, 186 & n.6 (3d Cir. 2000); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Dismissal of Brown's case with prejudice was proper, for the reasons stated by the District Court. Additionally, the District Court was not obligated to sua sponte offer leave to amend, cf. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007), and amendment would have been futile, regardless, see, e.g., Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that divorce, alimony, and child custody decrees fall under "domestic relations exception" to federal courts' subject matter jurisdiction); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d

---

[1] Brown's Notice of Appeal, see ECF 5 at 1, pro se opening brief, and related appeal, see Brown v. Brown, 775 F. App'x 722 (3d Cir. 2019), all confirm as much.

159, 166 (3d Cir. 2010) (setting forth test for application of jurisdictional bar of <u>Rooker-Feldman</u> doctrine). Accordingly, the judgement of the District Court will be affirmed.